**JIAN REN HUANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney**

General* Respondent.

No. 04–4031–AG.

United States Court of Appeals, Second Circuit.

Feb. 13, 2006.

Frank R. Liu, New York, NY, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida (Tampa

Phipps, Assistant United States Attorney, Chief, Appellate Division, Sandra W. Deisler, Assistant United States Attorney, on the brief), Tampa, FL, for Respondent.

Present: ROSEMARY S. POOLER, B.D. PARKER, Circuit Judges, and DENNY CHIN,** District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said Board of Immigration Appeals be and it hereby is **AFFIRMED.**

Petitioner Jian Ren Huang ("Huang") appeals from a June 29, 2004, decision of the Board of Immigration Appeals ("BIA") summarily affirming the May 30, 2003, decision of an Immigration Judge ("IJ") denying Huang's claim for relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

"When the BIA summarily affirms an IJ's decision, we review the decision of the IJ directly." *Latifi v. Gonzales,* 430 F.3d 103, 104 (2d Cir.2005) (per curiam) (citation omitted). We will affirm the decision so long as it is based on substantial evidence. *See Mu Xiang Lin v. DOJ,* 432 F.3d 156, 157 (2d Cir.2005). Applying this standard, it is clear that Huang has failed to show that it is more likely than not that he would be tortured if he returned to China. *See id.* Therefore, he has failed to satisfy his burden for relief pursuant to Article 3 of the CAT. *See id.* at 159–60.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

** The Honorable Denny Chin of the United States District Court for the Southern District of New York sitting by designation.

Huang's reliance on the Department of State's China Profile of Asylum Claims and Country Conditions in supporting his claim is insufficient to demonstrate that he, personally, is more likely to experience torture were he to return to China. *See id.* at 157–58. Furthermore, his testimony is based primarily on speculation that is not particular to him, and likewise it cannot support his claim. *See id.* at 160.

Huang's only testimony regarding the torture he might personally experience was that he would be beaten if he were jailed. This statement alone is insufficient to demonstrate that it is more likely than not that Huang would be tortured if returned to China. Moreover, "[t]orture does not include pain or suffering arising only from, inherent in or incidental to lawful sanctions." 8 C.F.R. § 208.18(a)(3). Thus, Huang has failed to meet his burden, and his claim was properly dismissed.

Any outstanding motions are denied as moot.

Accordingly, for the reasons set forth above, the judgment of the Board of Immigration Appeals is hereby **AFFIRMED.**